**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>NEBULA GENOMICS, INC., a Delaware Corporation, META PLATFORMS, INC., a Delaware Corporation, MICROSOFT CORPORATION, a Washington Corporation, and GOOGLE LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 1:24-cv-09894-JIC<br><br>Hon. Jeffrey I. Cummings |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Evidence ("Rule") 201 and applicable case law, Defendant Google LLC ("Google") hereby respectfully requests that the Court consider Exhibits 1–6 under the doctrine of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Motion to Dismiss.

- **Exhibit 1**: *Google Analytics Terms of Service*, as set forth in the concurrently filed Lam Declaration and available at: https://marketingplatform.google.com/about/analytics/terms/us/.
- **Exhibit 2-A**: *Nebula's Sign Up Page*, as archived February 18, 2020, accessible through https://web.archive.org/web/20200218223024/https://portal.nebula.org/login by clicking the blue hyperlinked text "Sign Up For Free."
- **Exhibit 2-B**: *Nebula's Sign Up Page*, as archived December 10, 2021, available at: https://web.archive.org/web/20211210220857/https://portal.nebula.org/signup.
- **Exhibit 3**: *Nebula's Privacy Policy*, effective January 25, 2022, available at: https://web.archive.org/web/20220518120413/https://nebulagenomics.zendesk.com/hc/en-us/articles/4417080622996-Nebula-Genomics-Privacy-Policy-2022.
- **Exhibit 4**: *Nebula's Privacy Statement*, effective November 21, 2019, available at: https://web.archive.org/web/20191206225800/https://nebulagenomics.zendesk.com/hc/en-us/articles/360036114572-Privacy-Policy.
- **Exhibit 5**: *Nebula's Cookie Policy*, as archived May 18, 2022, available at: https://web.archive.org/web/20220518133847/https://nebulagenomics.zendesk.com/hc/en-us/articles/4424803606932.
- **Exhibit 6**: *Nebula's Cookie Policy*, as archived December 3, 2020, available at: https://web.archive.org/web/20201203191507/https://nebulagenomics.zendesk.com/hc/en-us/articles/360036479671.

Google respectfully requests that the Court consider Exhibits 1–6, as set forth in the Declaration of David Doak in support of Google's concurrently filed Motion to Dismiss. As explained in more detail below, these exhibits, which include publicly available terms of service and privacy policies of the websites referenced in Plaintiff's Complaint, are not subject to reasonable dispute and are each subject to judicial notice and/or the doctrine of incorporation by reference.

## I. LEGAL STANDARD

On a motion to dismiss, courts can consider materials beyond those alleged on the face of the complaint when they are "properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Cristia v. Trader Joe's Co.*, 2022 WL 17551552, at *3 (N.D. Ill. Dec. 9, 2022) (reciting and applying these rules). Documents that appear on publicly available websites may be considered proper subjects for judicial notice. *See Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (approving court's judicial notice of defendant's website in ruling on motion to dismiss and compel arbitration); *see also, e.g.*, *Cesca v. W. Ill. Univ. Bd. Trs. & President Guiyou Huang*, 2024 WL 152812, at *13 & n.1 (C.D. Ill. Jan. 15, 2024) (taking judicial notice of defendant's policy regarding accommodations).

## II. ARGUMENT

### A. Judicial Notice of Publicly Accessible Webpages

Exhibits 1–6 are judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). These exhibits consist of the following publicly accessible webpages: (1) the Google Analytics Terms of Service; (2) two iterations of Nebula.org's

("Nebula") account sign up page; (3) two iterations of Nebula's Privacy Policy; and (4) two iterations of Nebula's Cookie Policy.

As publicly available webpages, these exhibits are the proper subjects of judicial notice. *See, e.g.*, *Patterson v. Respondus Inc.*, 2022 WL 7100547, at *8 n.12 (N.D. Ill. Oct. 11, 2022) (taking judicial notice of a university's website's claims regarding percentage of students receiving financial aid). Exhibit 1 is the Google Analytics Terms of Service, which is publicly available. Exhibits 2-A and 2-B are the publicly available account sign-up page for Nebula. Exhibits 3 and 4 are Nebula's publicly available privacy policy. Exhibits 5 and 6 are Nebula's publicly available cookie policy.

Plaintiff's citation to and liberal quotation from various pages of Google's website and Nebula's website in her Complaint demonstrate that the websites' authenticity is not in dispute. *See Cesca*, 2024 WL 152812, at *2 n.1 (explaining that complaint's citation and quotation of defendant's website showed that its authenticity was not in dispute). For example, Plaintiff cites and quotes a Google webpage regarding Google Analytics in paragraph 82 of her Complaint:

> 82. Google touts Google Analytics as "the go-to platform for millions of website and app owners seeking to gain a deeper understanding of their website and app performance."

Compl. ¶ 82 (citing and quoting https://developers.google.com/analytics). And she similarly cites and quotes a Google webpage regarding Google Tag Manager in paragraph 84 of her Complaint:

> 84. . . . Google boasts that Tag Manager allows companies such as Nebula to "set a tag to fire when a particular element is clicked – for example, when a user clicks the 'buy now' button or a link that leads away from your site." Companies can also set a tag to fire "based on a custom, logged event, such as a user engaging with a widget or a custom video player on your site."

*Id.* ¶ 84 (quoting and citing https://marketingplatform.google.com/about/tag-manager/features/). Additional examples abound. *See, e.g.*, *id.* ¶¶ 27 n.4, 28–31, n.6–10, 82–85, n.29, 31–35.

Moreover, courts in this Circuit routinely take judicial notice of websites or webpages when ruling on motions. *See Patterson*, 2022 WL 7100547, at *8 n.12 ("Judicial notice under Rule 201 may extend to facts contained on a defendant's website."); *Cesca*, 2024 WL 152812, at *2 n.1 (citing *Jeandron v. Bd. of Regents of Univ. Sys. Of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'")); *Gardener v. MeTV*, 681 F. Supp. 3d 864, 867 n.2 (N.D. Ill. 2023) (concluding court could take judicial notice of defendant's webpage); *James v. City of Evanston*, 2021 WL 4459508, at *7 n.3 (N.D. Ill. Sept. 29, 2021) (same); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (affirming district court's decision to judicially notice defendant's website where it was cited in parties' briefing); *Gill v. Align Tech. Inc.*, 2022 WL 1540016, at *2 n.1 (E.D. Wis. May 16, 2022) (taking judicial notice of Align's website "where it explains how potential customers can obtain Invisalign"); *Fellenz v. Stark Collection Agency*, 2020 WL 7122868, at *3, n.3 (W.D. Wis. Dec. 4, 2020) (taking judicial notice of TDS Telecom's website); *Page v. Dem. Nat'l Comm.*, 2020 WL 8125551, at *2 (N.D. Ill. Aug. 17, 2020) (taking judicial notice of number and locations of Perkins Coie LLP's offices); *Ward v. Consequence Holdings, Inc.*, 2020 WL 2219070, at *4 (S.D. Ill. May 7, 2020) (taking judicial notice of defendant's counsel's prior dealings with plaintiff's counsel).

Additionally, Google's various Terms of Service regularly have been deemed proper subjects of judicial notice, as have webpages available through the Internet Archive's Wayback Machine. *See, e.g.*, *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *Hepp v. Ultra Green Energy Servs., LLC*, 2016 WL 1073070, at *2, n.1 (N.D. Ill. Mar. 18, 2016) (noting court also took judicial notice of defendant's website as archived on Wayback Machine); *In re Google Inc.*, 2013 WL 5423918,

at *7 (N.D. Cal. Sept. 26, 2013) (noticing Google's terms of service and privacy policies); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (same); *Coffee v. Google LLC*, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). In sum, there is ample case law supporting this Court's authority to take judicial notice of each of Google's submitted exhibits here.

### B. Incorporation by Reference

In deciding Google's Motion to Dismiss, the Court also may consider the materials in Exhibits 2–4 for the additional reason that Plaintiff's Complaint incorporates them by reference. Where, as here, an important document is "referenced in the complaint but not explicitly incorporated therein" and "the complaint relies on the document and its authenticity is unquestioned," a court properly may consider the document when deciding a motion to dismiss. *Price v. Chicago Pub. Schs.*, 2024 WL 4300655, at *1 (N.D. Ill. Sept. 26, 2024) (Cummings, J.) (quoting *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 884 (9th Cir. 2022)); *accord Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment."). This serves to "prevent[] a plaintiff from 'evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit.'" *Id.* (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

Exhibits 2–4, while not expressly referenced in the Complaint, are integral to the allegations that Google obtained Plaintiff's information "without authorization" and "without Plaintiffs' and Class Members' consent," which necessarily rely on Plaintiff not having consented to Nebula's disclosure of such information under Nebula's privacy policy. *See, e.g.*, Compl. ¶¶ 3, 6, 26, 90, 105, 111(f), 129, 131, 133; *Strow v. B&G Foods, Inc.*, 633 F. Supp. 3d 1090, 1100 n.1 (N.D. Ill. 2022) ("And even where a document is not incorporated by reference, a court may consider it on a motion to dismiss if it is integral to the complaint."); *Matthews v. Polar Corp.*, 2023 WL 4534543, at *2 n.1 (N.D. Ill. Mar. 22, 2023) (same). Further, because courts may consider other webpages when a website is mentioned in a pleading and because Plaintiff cannot reasonably dispute the authenticity of Exhibits 2–4 given her extensive reliance on Nebula's website in her Complaint, the Court properly may consider them. *See, e.g.*, *Gardener*, 681 F. Supp. 3d at 867 n.2 ("Plaintiffs referenced MeTV's website, including specifically their viewing of its video content, in their complaint, such that its contents can be incorporated by reference."); *James*, 2021 WL 4459508, at *7 & n.3 (same); *Sonrai Sys., LLC v. AMCS Grp. Inc.*, 2017 WL 4281122, at *8 & n.3 (N.D. Ill. Sept. 27, 2017) (finding defendant could rely on contents of its website where plaintiff relied upon website in complaint); *Pennington v. Travelex Currency Servs., Inc.*, 114 F. Supp. 3d 697, 703 n.7 (N.D. Ill. 2015) (where plaintiff "invoke[d]" defendant's website in her complaint and "refer[red] to the website in its entirety," the "information on web pages that Pennington chose not to highlight are fair game as well").

Because Exhibits 2–4 are integral to the unjust-enrichment claim and the Complaint necessarily relies on them for its allegations, the Court properly may consider them in deciding Google's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Request for Judicial Notice of Exhibits 1 through 6, attached to the Declaration of David Doak, and consider those exhibits under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with Google's concurrently filed Motion to Dismiss.

Dated: January 7, 2025

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Debra Bogo-Ernst*

Debra Bogo-Ernst (IL Bar No. 6271962)
DErnst@willkie.com
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 728-9062
Facsimile: (312) 728-9199

Benedict Y. Hur (*pro hac vice*)
Simona A. Agnolucci (*pro hac vice*)
Eduardo E. Santacana (*pro hac vice*)
David D. Doak (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94134
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

*Attorneys for Defendant*
*Google LLC*

**CERTIFICATE OF SERVICE**

I, Debra Bogo-Ernst, hereby certify that on January 7, 2025 I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated: January 7, 2025

/s/ *Debra Bogo-Ernst*

Debra Bogo-Ernst (IL Bar No. 6271962)
DErnst@willkie.com
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 728-9062
Facsimile: (312) 728-9199

*Attorneys for Defendant*
*Google LLC*