UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals,

*Plaintiff,*

-against-

NEBULA GENOMICS, INC.,

*Defendant.*

Case No. 1:25-cv-12288

**DEFENDANT NEBULA'S REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendant Nebula Genomics, Inc. ("Nebula"), respectfully requests that the Court take judicial notice of the following Exhibits, true and accurate copies of which are attached hereto.

Defendant has concurrently filed its Motion to Dismiss based on the allegations in Plaintiff's Complaint and on the adjudicative facts stated in the following Exhibits:

1. True and correct copies of the Terms of Use from Nebula's web site nebulagenomics.com, which respectively are accessible on the Internet at the URLs listed at the top of each cover page for the stated capture date. These web pages are authenticated by Tanya Zeif, a Records Request Processor at Archive.org (known as the "Wayback Machine"), in an affidavit sworn to March 7, 2025 (the "Zeif Aff."), which annexes printouts of the contents of Nebula's Terms of Use web page at pertinent times throughout this matter. The entire Zeif Affidavit with Exhibits is annexed as Exhibit "A."

As Ms. Zeif explains, her Affidavit attaches several archived iterations of the web site www.nebulagenomics.zendesk.com. Each iteration has a cover page which supplies the date on

which it was captured. Ms. Zeif's explains the date-and-time convention used in paragraph 5 of her Affidavit:

> The Internet Archive assigns a URL on its site to the archived files in the format http://web.archive.org/web/[Year in yyyy][Month in mm][Day in dd][Time code in hh:mm:ss]/[Archived URL] aka an "extended URL". Thus, the extended URL http://web.archive.org/web/19970126045828/http://www.archive.org/ would be the URL for the record of the Internet Archive home page HTML file(http://www.archive.org/ archived on January 26, 1997 at 4:58 a.m. and 28 seconds (1997/01/26 at 04:58:28). The date indicated by an extended URL applies.

Thus, the following pages of Exhibit A contain true and correct copies of Nebula's web site as it appeared on the following dates:

| **Date** | **Starting Page** |
|---|---|
| January 1, 2021 | 34 of 40 |
| May 7, 2021 | 28 of 40 |
| June 16, 2021 | 22 of 40 |
| July 30, 2021 | 16 of 40 |
| July 5, 2022 | 10 of 40 |
| August 7, 2022 | 4 of 40 |

2. A true and correct copy of a Press Release dated August 11, 2021 by ProPhase Labs, Inc. upon its acquisition of Nebula Genomics, Inc., annexed as Exhibit "B", taken directly from the Securities and Exchange Commission's EDGAR web site, https://www.sec.gov/Archives/edgar/data/868278/000149315221020227/ex99-1.htm.

On a motion to dismiss, a court may consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003). Federal Rule of Evidence 201(b) authorizes the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of publicly available documents published a federal agency's website, or documents incorporated by reference in the Complaint. *See, e.g., Gustavsen v. Alcon Labs., Inc.*, 272 F. Supp. 3d 241, 252 (D. Mass. 2017) ("Courts in the District of Massachusetts have considered information on the FDA's website subject to judicial notice and consideration on a motion to dismiss."), aff'd, 903 F.3d 1 (1st Cir. 2018); *Kader v. Sarepta Therapeutics, Inc.*, 2016 U.S. Dist. LEXIS 46025, at *1-2 (D. Mass. Apr. 5, 2016) ("[A]n official statement of the FDA . . . constitutes a 'public record' of which the Court may take judicial notice."); *see also Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("a court may take judicial notice of . . . matters in the public record," including documents "available on the FDA's website," as well as packaging labels referenced in the complaint under the "incorporation by reference" doctrine); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (taking judicial notice of documents that "appear on the FDA's public website," including approval letters).

Accordingly, Defendant respectfully requests that the Court take judicial notice of Exhibits A through B and consider those documents in connection with Nebula concurrently filed Motion to Dismiss.

Respectfully submitted,

NEBULA GENOMICS, INC.,

By its attorneys,

/s/ Thomas E. Lent
Thomas E. Lent, BBO # 644970
BARROW LENT LLP
98 N. Washington St., Suite 230
Boston, Massachusetts 02114
(617) 830-5463
tlent@marbarlaw.com

Dated: November 17, 2025

- and –

/s/ Wallace Neel
Wallace Neel (Admitted Pro Hac Vice)
WALLACE NEEL PLLC
One Blue Hill Plaza, LL Suite 1509
Pearl River, NY 10965

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on November 17, 2025.

*/s/ Thomas E. Lent*
Thomas E. Lent