**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTOINETTE PORTILLO, individually and on behalf of a class of similarly situated individuals, <br><br> *Plaintiff,* <br><br> -against- <br><br> NEBULA GENOMICS, INC., a Delaware Corporation, <br><br> *Defendant.* | No. 1:25-cv-12288-BEM |

**DEFENDANT NEBULA GENOMICS, INC.'S  ANSWER TO CLASS
ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Nebula Genomics, Inc. ("Nebula"), by and through its undersigned

counsel, answers the Class Action Complaint (Dkt. 1, transferred) filed by Plaintiff

Antoinette Portillo ("Plaintiff") as follows:

**GENERAL DENIAL**

Except as expressly admitted in the Specific Admissions section below, Nebula

denies every allegation in the Complaint, including (without limitation) all claims for

1

relief, all class allegations, all factual assertions, all characterizations of law or fact, and all demands for damages, fees, injunctive relief, or any other remedy.

## SPECIFIC ADMISSIONS

Solely for purposes of this pleading, Nebula admits only the following narrow facts and nothing more:

- Paragraph 8: Plaintiff Antoinette Portillo resides in Chicago, Illinois.

- Paragraph 9: Nebula is a corporation organized and existing under the laws of Delaware.

- Paragraphs 10–12: Nebula admits only that Meta Platforms, Inc., Microsoft Corporation, and Google LLC are corporations that exist and have at various times offered analytics and advertising products. Nebula denies every other allegation and characterization in Paragraphs 10–12.

- Rule 23 Allegations: Nebula specifically denies that this action satisfies any of the requirements for class certification under Federal Rule of Civil Procedure 23. Specifically, Nebula denies that the putative class is so numerous that joinder is impracticable (Compl. ¶ 110), that there are questions of law or fact common to the class (Compl. ¶ 111), that Plaintiff's claims are typical of the claims of the putative class (Compl. ¶ 112), that Plaintiff will fairly and adequately protect the interests of the class (Compl. ¶ 113), that common questions predominate over individual questions

(Compl. ¶ 114), or that a class action is superior to other available methods of adjudication (Compl. ¶ 114).

## DENIAL OF ALL REMAINING ALLEGATIONS

Nebula denies every allegation in the Complaint not expressly admitted in the Specific Admissions section above. This blanket denial includes (without limitation) all allegations in Paragraphs 1–7, 13–134, and every subpart, footnote, and exhibit thereto, as well as the Relief Requested section (the "Wherefore" clause). Nebula expressly denies that this Court has subject-matter jurisdiction over the action, and states that Plaintiff has not alleged facts sufficient to establish injury-in-fact and therefore lacks Article III standing, meaning that there is no case or controversy between the parties.  Therefore the "judicial Power of the United States" set forth in Article III of the U.S. Constitution cannot be wielded by the Court in this matter.

## AFFIRMATIVE DEFENSES

Nebula asserts the following affirmative defenses (all preserved for summary judgment, appeal, and trial):

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the governing law clause in Nebula's Terms of Use, which selects Massachusetts law and displaces GIPA.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing because she has not alleged a concrete, particularized injury in fact traceable to any act or omission of Nebula.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not a "person aggrieved" within the meaning of GIPA § 40 and therefore has no private right of action under the statute.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to allege that any "genetic information" as defined in GIPA § 10 was transmitted to any third party in connection with Plaintiff's actual use of Nebula's services.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to establish causation between any act or omission of Nebula and any cognizable harm.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff consented to and authorized the data practices at issue through her agreement to Nebula's Terms of Use and Privacy Policy.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any alleged conduct by Nebula was not intentional, willful, or reckless within the meaning of GIPA § 40, and enhanced statutory damages are therefore unavailable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited by the Limitation of Liability provision contained in Nebula's Terms of Use, which Plaintiff accepted as a binding condition of using Nebula's services.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by federal preemption, including but not limited to the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff et seq.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by actual or constructive notice of the data practices alleged in the Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the data practices alleged in the Complaint were authorized by and conducted in accordance with Nebula's Terms of Use, Privacy Policy, and/or Cookie Policy, which Plaintiff accepted as a condition of using Nebula's services.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages by declining to use the opt-out mechanisms, cookie controls, and data deletion rights expressly made available to her under Nebula's Terms of Use, Privacy Policy, and/or Cookie Policy.

## RESERVATION

Nebula reserves the right to assert additional defenses as discovery proceeds or as the law requires.

## JURY TRIAL DEMAND

A trial by jury is demanded on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nebula respectfully requests that the Court:

(a)     dismiss the Complaint with prejudice;

(b)     deny class certification;

(c)     award Nebula its costs and attorneys' fees; and

6

(d)     grant such other relief as the Court deems just.

Dated: March 24, 2026

Respectfully submitted,

NEBULA GENOMICS, INC.

By its attorneys,

BARROW LENT, LLP
Thomas E. Lent, Esq.
98 N. Washington Street, Suite 230
Boston, MA 02114
617-830-5463
*tlent@marbarlaw.com*

/s/ Wallace Neel
Wallace Neel, Esq.
*Admitted Pro Hac Vice*
WALLACE NEEL PLLC
One Blue Hill Plaza, LL Suite 1509
Pearl River, New York  10965
Tel. (646) 524-6502
Email: wallace@wallaceneel.com
*Pro Hac Vice*

*Attorney for Nebula Genomics, Inc.*

7

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on March 24, 2026.

*/s/ Wallace Neel*